IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JUNE F. HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-812 |
| WILLIAM MARTIN, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff June F. Harris ("plaintiff" or "Harris") has filed a four-count complaint against Anne Arundel County, Maryland ("Anne Arundel County") and William Martin ("Martin") alleging race discrimination[1] in violation of Title VII of the Civil Rights Act of 1964 based on her non-promotion to the position of Assistant Correctional Facility Administrator at the Anne Arundel County Detention Center ("the Detention Center") in 2013. 42 U.S.C. §§2000e-2(a), 2000e-3(a).

Now pending before this Court are defendant Anne Arundel County's Motion to Dismiss Count II (ECF No. 7) and defendant William Martin's Motion to Dismiss (ECF No. 9).[2] Also pending is plaintiff's Motion for Leave to File Second Amended Complaint

---

[1] While the now-operative Amended Complaint (ECF No. 6) also alleges sex-discrimination, plaintiff abandons these claims in her Motion for Leave to File Second Amended Complaint. *See* ECF No. 11 at 1.

[2] Anne Arundel County Detention Center has also filed Motion to Dismiss (ECF No. 5). Plaintiff's Amended Complaint (ECF No. 6), filed subsequent to the Detention Center's Motion to Dismiss does not name the Detention Center as a defendant. The docket already reflects the Detention Center's termination as a party in this case. As plaintiff has abandoned her claims against the Detention Center, the Detention Center's Motion to Dismiss (ECF No. 5) is GRANTED AS MOOT.

1

(ECF No. 11.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below: defendant Anne Arundel County's Motion to Dismiss Count II (ECF No. 7) is GRANTED; defendant William Martin's Motion to Dismiss (ECF No. 9) is GRANTED; and plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 11) is DENIED.

BACKGROUND

When reviewing a Motion to Dismiss, the Court accepts as true the facts alleged in the plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). In ruling on a Motion for Summary Judgment, the Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

Plaintiff June Harris has worked at the Anne Arundel County Detention Center since October of 1988. (ECF No. 6 at ¶ 14.) In 1993, Ms. Harris was promoted to the position of Correctional Program Specialist II. (*Id.* at ¶ 15.) In 2004 and subsequent to her filing of an EEOC discrimination complaint, Ms. Harris was again promoted, this time to the position of Criminal Justice Program Supervisor. (*Id.* at ¶¶ 16-17.)

This case arises out of plaintiff's unsuccessful application for the position of Assistant Correctional Facility Administrator in early 2013. (ECF No. 6 at ¶ 18.) While plaintiff applied for the position and participated in the selection process, she now alleges that she was "substantially more qualified" than the Caucasian male who was ultimately selected for the position. (*Id.* at ¶¶ 18-24.) Plaintiff further alleges that defendant William Martin

influenced the selection process by helping to prepare the ultimately successful candidate, Michael Borgese, for the job interview and, ultimately, by providing Mr. Borgese with an unfair advantage for the interview with respect to Ms. Harris.  (*Id.* at ¶¶ 38-43.)

In her Amended Complaint, plaintiff alleges that her non-promotion to the position of Assistant Correctional Facility Administrator was the result of Anne Arundel County (through the Detention Center) and William Martin's discrimination against her on the basis of race (Counts I and III) and retaliation against her for engaging in protected activity when she filed her 2004 EEOC complaint (Counts II and IV).³  (ECF No. 6.)

## STANDARDS OF REVIEW

### I.     Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted).  Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).  Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that

---

³ As noted above, plaintiff has abandoned her allegations of sex discrimination.  *See* n. 1, *supra*.

the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). However, in order to survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 545).

## II. Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

ANALYSIS

I.    Anne Arundel County's Motion to Dismiss Count II (Retaliation)

When, as in this case, the plaintiff relies upon circumstantial evidence of misconduct in support of a retaliation claim, the burden-shifting framework of *McDonnell Douglas Corp.* applies. (*See* ECF No. 1 at ¶¶ 57-62.) A plaintiff first must establish a *prima facie* case of retaliation by showing that: "(1) he engaged in protected activity; (2) [the employer] acted adversely against him; and (3) the protected activity was causally connected to the adverse action." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). Once the employee establishes a *prima facie* case, the burden shifts to the employer to rebut the inference of retaliation. *McDonnell Douglas*, 411 U.S. at 802. Although the employer's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Once the employer produces a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove that the defendant's stated reason is pretextual. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). To that end, the employee must either show that the employer's explanation is "'unworthy of credence' or . . . offer[] other forms of circumstantial evidence sufficiently probative of" the retaliation. *Mereish v. Walker*, 359 F.3d 330, 332 (4th Cir. 2004); *see also McGrath-Malott v. Maryland*, 565 F. Supp. 2d 656, 670-71 (D. Md. 2008).

Here, Harris alleges that she engaged in protected activity when she filed an EEOC complaint against defendant in 2004. (ECF No. 6 at ¶¶ 59-60.) Harris alleges that her filing of the 2004 EEOC complaint and the settlement that followed are "the reason she did not get the [2013] promotion." (*Id.* at ¶ 67.)

Harris' retaliation claim must fail as a matter of law based on the third element of the *McDonnell Douglas* test. That is, the nine year time lapse between the latest date of plaintiff's protected activity (her 2004 EEOC complaint) and defendant's alleged adverse action (her 2013 non-promotion) is far too attenuated to establish the requisite "causal connection" between these acts. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (twenty (20) months considered too attenuated to establish causation); *Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (three to four months too attenuated to establish causation); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (three year lapse between protected activity and alleged adverse action "negates any inference that a causal connection exists between the two"); *Church v. Maryland*, 180 F. Supp. 2d 708, 745 (D. Md.), *aff'd,* 53 F. App'x 673 (4th Cir. 2002) (fourteen (14) month lapse "does not permit an inference that the two are causally connected").

Accordingly, Count II of plaintiff's Amended Complaint must be DISMISSED WITH PREJUDICE as a matter of law.

## II. Martin's Motion to Dismiss
### A. Plaintiff's Title VII Claims (Counts I and II) against Martin

Defendant William Martin moves to dismiss all charges against him on the basis that he was not plaintiff's employer, but, rather, her supervisor and, thus, not subject to liability

under 42 U.S.C. §2000e.[4]  (ECF No. 9-1 at 3.)  Plaintiff has not filed a response in opposition to Martin's motion, but concedes in her Motion for Leave to Amend that Mr. Martin is not plaintiff's employer.  (ECF No. 11 at 1, n. 1.)

Plaintiff's claims under Title VII against Martin must be dismissed.  It is well established that "supervisors are not liable in their individual capacities for Title VII violations."  *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).  Here, plaintiff's allegations make clear that her "employer" for purposes of Title VII is co-defendant Anne Arundel County.  (ECF No. 6 at ¶ 14.)  Martin, by contrast, was merely plaintiff's supervisor.  Accordingly, Martin may not be held personally liable under Title VII, and plaintiff's Title VII claims against him must be dismissed.

### B.  Plaintiff's § 1983 Claims (Counts III and IV) against Martin

Plaintiff's claims against Martin based on 42 U.S.C. § 1983 also must fail.  The now-operative Amended Complaint and plaintiff's proposed Second Amended Complaint both indicate that Martin was "at all times relevant was acting under color of State and municipal law in depriving Plaintiff of her constitutional rights…" (ECF No. 6 at ¶ 75; ECF no. 11-1 at 10, ¶ 75.)  As this Court has previously noted, "[w]hile individual liability for supervisors exists under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, it only applies where the act or omission resulting in the infringement of rights was intentionally caused by the supervisor and where the Plaintiff makes an affirmative showing of that fact."  *Brown v. Baltimore Police Dep't*, RDB-

---

[4] Martin also argues that plaintiff fails to make any factual allegations whatsoever regarding sexual discrimination and seeks to dismiss Counts III and IV of the Amended Complaint on this basis. (ECF No. 9-1 at 4.)  As set forth in her Motion for Leave to Amend, Plaintiff abandons her claims for sexual harassment. *See* ECF No. 11 at 1.

7

11-00136, 2011 WL 6415366, at *7 (D. Md. Dec. 21, 2011).  Moreover, the United States Court of Appeals for the Fourth Circuit has held that where a Section 1983 claim alleges wrongdoing against an employee in his official capacity only, such claims may be dismissed as duplicative.  *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").[5]  *See also Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 546 F. App'x 209, 211 (4th Cir. 2013).

Here, too, plaintiff's claims against Martin are "essentially a claim against" the County as Martin's (and plaintiff's) employer.  While plaintiff does allege that Martin participated in and influenced the selection process for the Assistant Correctional Facility Administrator, she fails to make an "affirmative showing"—either in her Amended Complaint or proposed Second Amended Complaint—that "the infringement of rights was intentionally caused by" Martin *acting in his individual capacity* so as to give rise to liability under § 1983.  *Brown*, 2011 WL 6415366, at *7.

Accordingly, all claims against defendant William Martin are DISMISSED WITH PREJUDICE as a matter of law.

### III.   Plaintiff's Motion for Leave to File Second Amended Complaint

As set forth above, only plaintiff's Title VII race discrimination claim against Anne Arundel County (Count I) survives defendants' motions to dismiss.  Plaintiff's proposed

---

[5] The coincidence of surnames is merely that.

Second Amended Complaint—which this Court has noted in reaching the above rulings—does not introduce any factual allegations which would defeat defendants' motions. Indeed, as plaintiff acknowledges in her Motion, "Plaintiff's proposed amendment would only clarify that her allegations asserting violations of 42 U.S.C. 1983 against Defendant Martin are based on race and retaliation. The amended complaint will not add any factual allegations." (ECF No. 11 at 3.)

Thus, amendment would be futile under Rule 15, and Plaintiff's Motion for Leave to File Second Amended Complaint must be DENIED.

## CONCLUSION

For the reasons stated above, defendant Anne Arundel County Detention Center's Motion to Dismiss (ECF No. 5) is GRANTED AS MOOT; defendant Anne Arundel County's Motion to Dismiss Count II (ECF No. 7) is GRANTED; defendant William Martin's Motion to Dismiss (ECF No. 9) is GRANTED; and plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 11) is DENIED.

A separate Order follows.

Date:  November 2, 2016                  ____/s/_____
                                         Richard D. Bennett
                                         United States District Judge